IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

GREGORY AUBREY                                                                              PLAINTIFF

vs.                                         Civil No. 1:06-cv-01065

MICHAEL J. ASTRUE[1]                                                                    DEFENDANT
Commissioner, Social Security Administration

**<u>MEMORANDUM OPINION</u>**

Gregory Aubrey ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying his application for Disability Insurance Benefits[2] ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (Dkt. No. 4).[3]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

[2] In the Plaintiff's appeal brief (filed as the "Plaintiff's Brief in Support of Motion for Summary Judgment"), the Plaintiff indicates he is only appealing the denial of SSI, not the denial of both SSI and DIB.  (Dkt. No. 11, Page 1).  The Plaintiff's Complaint, however, indicates that he is appealing the denial of both SSI and DIB. (Dkt. No. 1).  Based upon the Plaintiff's Complaint, this Court treats the present appeal as an appeal of the denial of both SSI and DIB.

[3] The document numbers for this case are referenced by the designation "Dkt. No."  The transcript pages for this case are referenced by the designation "Tr."

**1. Background:**

The applications for DIB and SSI now before this Court were protectively filed on July 29, 2003. (Tr. 53-59, 176-181). These applications allege an onset date of June 2, 2001 due to headaches, neck pain, reading impairment, mood disorder, and post traumatic stress disorder. (Tr. 12, 53-59, 176-181). The Plaintiff's applications were initially denied on October 13, 2003 and again on reconsideration on May 24, 2004. (Tr. 23-31, 34-36 182-186). The Plaintiff requested an administrative hearing which was held on May 26, 2005 in El Dorado, Arkansas. (Tr. 12, 189-232). The Plaintiff was present and was represented by an attorney, R. Theodor Stricker, at the hearing. (Tr. 12, 189). At the time of the hearing, the Plaintiff was thirty-five (35) years old with an eleventh grade education. (Tr. 12, 193, 195).

On February 10, 2006, the Administrative Law Judge ("ALJ") issued a written opinion. (Tr. 12-16). The ALJ concluded the Plaintiff had not engaged in Substantial Gainful Activity ("SGA") at any time since the alleged onset date. (Tr. 12). The ALJ found the Plaintiff had been treated for headaches, impaired reading skills, mood disorder, and post traumatic stress disorder. (Tr. 15, Finding 3). The ALJ determined these impairments or combination of impairments, although severe, did not meet the requirements of Appendix 1, Subpart P, Regulations No. 4 ("Listings"). *Id.*

The ALJ also evaluated the subjective complaints of the Plaintiff and determined the Plaintiff's Residual Functional Capacity ("RFC"). (Tr. 15-16, Finding 5). The Plaintiff alleged his severe headaches and disabling pain caused him to be unable to work. (Tr. 13). The ALJ analyzed these subjective complaints. *Id.* The ALJ concluded these subjective complaints were not credible due to a number of inconsistencies regarding the nature and extent of the Plaintiff's alleged

impairment. (Tr. 13-14). Based upon this credibility determination and the ALJ's examination of the Plaintiff's medical records, the ALJ concluded the Plaintiff had the RFC to "lift/carry up to 50 pounds occasionally and 25 pounds frequently; sit 6 hours in an 8 hour day; and stand/walk 6 hours in an 8 hour day." (Tr. 15-16, Finding 5). The ALJ also noted the Plaintiff experienced mild to moderate pain that was treated with over-the-counter medication. *Id.* The ALJ determined the claimant had poor reading skills. *Id.* The ALJ determined the Plaintiff was able to (1) perform simple unskilled or semiskilled work; (2) understand, follow, and remember concrete instructions; (3) maintain superficial contact with supervisors, co-workers, and the general public; and (4) meet, greet, make change, and give simple instructions and directions. *Id.*

The ALJ also determined the Plaintiff could perform his Past Relevant Work ("PRW"). (Tr. 16, Finding 8). Vocational Expert ("VE") Chandra Donnell testified at the administrative hearing and addressed this issue. (Tr. 14-15, 189, 223-237). The VE testified the Plaintiff's PRW included work as a heavy equipment operator, industrial cleaner, automobile detailer, materials handler, roofer helper, and chicken farm helper. (Tr. 197-208, 224). The VE testified that a hypothetical person with the Plaintiff's RFC could perform the Plaintiff's PRW as an automobile detailer, material handler, and chicken farmer helper. (Tr. 227-228). Based upon the VE's testimony, the ALJ concluded the Plaintiff was not disabled. (Tr. 15).

On April 28, 2006, the Appeals Council declined to review this decision. (Tr. 4-6). Subsequently, on June 14, 2006, the Plaintiff filed this action. (Dkt. No. 1). This case was referred to the undersigned on February 21, 2007. The Plaintiff and the Defendant have filed appeal briefs.[4]

---

[4] The Defendant's appeal brief in the present action was filed on January 29, 2007, over two months after its appeal brief was due to be filed with this Court pursuant to the Scheduling Letter. This Court will consider the late filing of the Defendant's appeal brief as a motion to extend the filing deadline. The Court grants that motion and will consider the Defendant's appeal brief as timely filed.

(Dkt. Nos. 10-11, 13). This case is ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any SGA. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C.

§ 423(d)(1)(A).

To determine whether the claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a SGA; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the RFC to perform his or her relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920.

**3. Discussion:**

The Plaintiff brings the present appeal claiming he is disabled because he suffers from "recurrent weekly migraine headaches, with evidence [of] head and neck trauma, and back pain." (Dkt. No. 11, Page 1). The Plaintiff does not claim he qualifies under one of the Listings. *Id.* The Plaintiff also does not claim the ALJ erred in determining his RFC. *Id.* Instead, the Plaintiff claims (A) the ALJ erred in determining the Plaintiff's subjective complaints were not credible because the Plaintiff failed to seek medical treatment, (B) the ALJ erred in failing to develop the record in the case or send the Plaintiff to a specialist for an evaluation, and (C) the ALJ erred in his credibility determination. *Id.* at 8-14. The Defendant argues the ALJ properly considered lack of

treatment as a factor in his credibility determination, properly developed the record, properly evaluated the Plaintiff's credibility, and properly disregarded the Plaintiff's subjective complaints. (Dkt. No. 13).

**A. The Plaintiff's Failure to Seek Medical Treatment**

The Plaintiff argues the ALJ improperly considered the Plaintiff's failure to seek medical treatment in his decision to disregard the Plaintiff's subjective complaints of pain. (Dkt. No. 11, Page 8). The Plaintiff claims he did not undergo medical treatment because he was unable to pay for it. *Id.* The Plaintiff states, "the law in this Circuit is that a failure to undergo treatment due to [a] lack of financial resources is justified." *Id.* at 9. The Defendant argues the Plaintiff's failure to seek medical treatment was just *one* factor the ALJ used in making its credibility determination and there were other significant factors that impacted the ALJ's credibility determination. (Dkt. No. 13, Page 4). As an initial matter, the ALJ considered the Plaintiff's failure to seek medical treatment as a part of his credibility or *Polaski* analysis. *See Polaski v. Heckler,* 739 F.2d 1320, 1322 (8th Cir. 1984). This *Polaski* analysis or credibility determination was made prior to Step 4 in the ALJ's analysis.[5] *Id.*

In general, a failure to seek treatment for a claimed medical problem or follow medical treatment may indicate the relative seriousness of that problem. *See Shannon v. Chater,* 54 F.3d 484, 486 (8th Cir. 1995); *Guilliams v. Barnhart,* 393 F.3d 798, 802-803 (8th Cir. 2005) (noting that "a failure to follow a recommended course of treatment also weighs against a claimant's credibility"). While a plaintiff's inability to pay for medical treatment should be considered by the

---

[5] The *Polaski* analysis in the present action will be discussed more thoroughly in Section 3.C of this opinion. *See Discussion 3.C, infra.*

6

ALJ, the failure to seek or to follow medical treatment may not be excused simply because the plaintiff cannot afford the treatment. *See Hutsell v. Sullivan,* 892 F.2d 747, 750 n. 2 (8th Cir. 1989) (noting that a "lack of means to pay for medical services does not *ipso facto* preclude the Secretary from considering the failure to seek medical attention in credibility determinations") (internal quotes omitted); *Tome v. Schweiker,* 724 F.2d 711, 714 (8th Cir. 1984).

Instead, the plaintiff should demonstrate that he or she attempted to obtain low-cost medical treatment or had been denied care because of his or her poverty. *See Murphy v. Sullivan,* 953 F.2d 383, 386-87 (8th Cir. 1992) (rejecting a claim of financial hardship where there was no evidence the claimant attempted to obtain low-cost medical treatment and there was no evidence the claimant had actually been denied care because of poverty).

In the present action, the ALJ properly considered the Plaintiff's failure to seek medical treatment in his *Polaski* analysis. In his appeal brief, the Plaintiff argues that he absolutely could not obtain medical treatment because he did not have insurance, and he could not pay out of pocket. (Dkt. No. 11, Page 8) (the Plaintiff stated "they [Interfaith Clinic] said that I didn't have any insurance, they can't supply me with the means to find out if there's something wrong or not. If I can't pay for it out of my pocket, pretty much what I understood."). The Plaintiff stated that he sought treatment at only *one clinic*. (Tr. 199). The Plaintiff did not state that he attempted to obtain any low-cost or free medical treatment. *Id.* The Plaintiff also did not state that he attempted to seek any financing arrangements with Interfaith Clinic or any other medical provider so that he could receive treatment that he could afford. *Id.* Furthermore, even though the Plaintiff claims that he could not afford medical treatment, the Plaintiff could afford to purchase or otherwise obtain marijuana. (Tr. 195). Accordingly, this Court finds the ALJ's consideration of the Plaintiff's

7

failure to obtain medical treatment in its *Polaski* analysis, despite the Plaintiff's claimed inability to pay, was not in error.

**B. The ALJ's Development of the Record**

The Plaintiff also claims the ALJ should have sent the Plaintiff for a neurological evaluation and testing or, at the very least, ordered additional medical records. (Dkt. No. 11, Pages 11-12). The Plaintiff claims that "the law is settled that the duty rests with the Administrative Law Judge to develop the record." (Dkt. No. 11, Page 11). The Plaintiff also repeatedly cites *Battles v. Shalala,* 36 F.3d 43, 44-45 (8th Cir. 1994), in support of his position that the ALJ failed to adequately develop the record. *Id.* The Defendant argues that in determining whether the ALJ has fully and fairly developed the record, the proper inquiry is whether the record contained sufficient evidence for the ALJ to make an informed decision. (Dkt. 13, Page 6). The Defendant also argues that even if the ALJ failed to develop the record, the Plaintiff must not only show that the ALJ failed to develop the record but must also show that the failure to develop the record prejudiced the Plaintiff. *Id.*

In the Eighth Circuit, the ALJ clearly has the duty to develop the record, fully and fairly, even where a claimant is represented by counsel. *See Snead v. Barnhart,* 360 F.3d 834, 838 (8th Cir. 2004). The ALJ is responsible for developing the record because the social security hearings are non-adversarial. *Id.* The ALJ, however, is under no duty to "go to inordinate lengths to develop a claimant's case." *Battles,* 36 F.3d at 45 (internal quotes omitted). The ALJ must only "make an investigation that is not wholly inadequate under the circumstances." *Id.*; *See Payton v. Shalala,* 25 F.3d 684, 686 (8th Cir. 1994). The ALJ is not required to request all of the Plaintiff's medical records prior to making an informed decision. *See Shannon v. Chater,* 54 F.3d 484, 488 (8th Cir.

1995).  Instead, if a plaintiff is represented by counsel, the plaintiff's attorney should obtain or try to obtain those items.  *Id.*  If the plaintiff's attorney does not obtain those records or try to obtain those records, then the court will assume the alleged treatments and medical records were only of minor importance.  *Id.*  (noting "the fact that Shannon's counsel did not obtain (or, so far as we know, try to obtain) the items Shannon now complains of suggests that these alleged treatments have only minor importance.").

In the present action, the Plaintiff fails to support his argument that the ALJ was under a duty to further develop the record or to send the Plaintiff to a specialist for an evaluation.  First, the Plaintiff fails to support his argument that additional testing by a specialist was required.  The Plaintiff cites the Eight Circuit's opinion in *Battles v. Shalala,* 36 F.3d 43 (8th Cir. 1994), arguing that this case establishes the ALJ in the present action was required to send the Plaintiff to a specialist.  The facts in *Battles* are very different from the facts in the present action.  ( Dkt. No. 11, Page 11).  The *Battles* case involved a homeless person who purportedly suffered from a mental illness.  *Id.* at 44.  According to the 20 C.F.R. § 416.903(e), the ALJ is required to send a claimant for an examination by a psychiatrist or psychologist when there is "evidence which indicates the existence of a mental impairment."  The ALJ in the *Battles* case, however, failed to send the claimant to a psychiatrist or psychologist as required by this regulation.  *Id.* at 45.  The ALJ also had only a short hearing, and the ALJ failed to ask any questions.  *Id.*  Under these extreme circumstances, the Eighth Circuit held that the ALJ failed to develop the record.  *Id.* at 46.

In this case, unlike in *Battles*, the ALJ was actively engaged in asking the Plaintiff dozens questions and was careful to ensure the record was complete and accurate.[6]  The ALJ also left the

---

[6] The ALJ even asked the VE additional follow-up questions when it appeared the VE had improperly indicated the Plaintiff could perform heavy exertional work.  (Tr. 228).

9

record open for thirty additional days after the hearing to give the Plaintiff the opportunity to support his claim that he was not a good reader. (Tr. 231). Unlike in *Battles,* the ALJ also had the benefit of a report from Dr. Peel, a licensed psychologist. (Tr. 116-121). This report indicates the Plaintiff was not disabled and did not suffer from significant limitations in two or more areas of adaptive functioning. (Tr. 14, 116-121).

Second, the Plaintiff fails to establish the ALJ made its decision based upon insufficient medical records. The ALJ made his decision based upon several medical records from the Interfaith Clinic dated from September 23, 003 to February 16, 2004 and based upon a consultative mental status and evaluation of adaptive functioning from Dr. Peel, a licensed psychologist at the South Arkansas Regional Health Center. (Tr. 113-121). Although there were not many medical records in this case, these medical records were sufficient for the ALJ to make the determination that the Plaintiff was not disabled. *See Battles,* 36 F.3d at 45. Specifically, the medical records from the Interfaith Clinic all indicate the Plaintiff suffered from migraine headaches. (Tr. 113-115). The Interfaith Clinic records also indicate that, while the cause of Plaintiff's headaches was unclear, there appeared to be "no neurological deficits." (Tr. 115). The ALJ was not required to send the Plaintiff to a neurological expert or another such expert, as requested by the Plaintiff, when the medical records indicate that were no symptoms of neurological deficits. Furthermore, the ALJ based its decision upon the Interfaith Clinic records that indicate the Plaintiff may be treated with Imitrex in order to relieve his headaches.[7] (Tr. 113).

---

[7] The Plaintiff stated he completely stopped taking his samples of Imitrex because they made him "shake." (Tr. 199). The Plaintiff, however, indicates in his testimony that he stopped taking this medication without consulting a physician. (Tr. 199, 215, 219). Thus, is it is unclear whether a lower dosage or a different medication would have treated the Plaintiff's headaches.

Third, the Plaintiff fails to establish how he has been prejudiced by the ALJ's alleged failure to develop the record. *See Onstad v. Shalala,* 999 F.2d 1232, 1234 (8th Cir. 1993) (noting that "while the ALJ has a duty to develop the record fully and fairly . . . even when a claimant has a lawyer, it is of some relevance to us that the lawyer did not obtain (or, so far as we know, try to obtain) the items that are now being complained about. Mr. Onstad was treated fairly, and he has failed to show that he was prejudiced."). The Plaintiff has not directed this Court to any evidence demonstrating he has been prejudiced.

Accordingly, this Court finds no error with the ALJ's development of the administrative record in the present action. Pursuant to the Eighth Circuit's holding in *Shannon,* the Plaintiff's failure to produce any additional medical records (if any are available) at the administrative hearing indicates these records were only of minor importance. *See Shannon,* 54 F.3d at 488.

**C. The ALJ's Credibility Determination**

The Plaintiff claims that, despite a lack of medical records, the ALJ should have determined he was disabled. (Dkt. No. 11, Page 12). Specifically, the Plaintiff argues the ALJ should have determined the Plaintiff's subjective complaints of pain were credible. *Id.* at 13. The Plaintiff argues that had the ALJ found all of his subjective complaints of pain to be credible, the ALJ would have determined that the Plaintiff was disabled. *Id.* (stating, "the hypothetical evidence presented by the ALJ to the vocational expert, if the Plaintiff was considered credible, resulted in the expert's opinion that there were no available jobs"). The Defendant, however, argues there is substantial evidence to support the ALJ's credibility determination. (Dkt. No. 13, Page 3). The Defendant argues that the ALJ "specifically stated his reasons for discounting the credibility of Plaintiff's subjective complaints" and that those reasons are entitled to deference. *Id.* at 3-5.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984).  These five *Polaski* factors, which provide as follows, must be analyzed and considered in light of the claimant's subjective complaints of pain and discomfort: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *Id.* at 1322.  The ALJ is not required to methodically discuss each *Polaski* factor as long as the ALJ acknowledges and examines those factors before discounting the subjective complaints of the claimant.  *See Lowe v. Apfel,* 226 F.3d 969, 371-72 (8th Cir. 2000).

In the present action, the ALJ reviewed only a few of the *Polaski* factors, and he did not even acknowledge all of the *Polaski* factors. (Tr. 13). The ALJ cited *Polaski* and stated that "such authority mandates consideration of a number of specific factors in evaluating the credibility of the claimant's subjective statements."  *Id.*   The ALJ examined the Plaintiff's daily activities, the duration, frequency, and intensity of the Plaintiff's alleged pain. (Tr. 13-14).  The ALJ did not, however, acknowledge the other factors from *Polaski*–the precipitating and aggravating factors, the dosage, effectiveness, and side effects of medication, and the functional restrictions–and failed to even note those *Polaski* factors. (Tr. 13-14).

The Court finds the ALJ erred in its credibility determination because the ALJ failed to examine and apply all of the *Polaski* factors.  The ALJ is required to acknowledge and to consider all of the *Polaski* factors prior to discounting the Plaintiff's subjective complaints of pain.  *See Brown v. Chater,* 87 F.3d 963, 965 (8th Cir. 1996).  In the present action, the ALJ merely mentioned *Polaski* and stated that *Polaski* "mandates consideration of a number of specific factors."

(Tr. 13). Then, the ALJ only mentioned two of the five *Polaski* factors and wholly failed to acknowledge the other three factors. *Id.* This was error. The ALJ is required to *at least* examine all five of the *Polaski* factors prior to discounting the Plaintiff's subjective complaints of pain. *See Brown,* 87 F.3d at 965. Since the ALJ in the present action did not acknowledge all five *Polaski* factors, this case should be reversed and remanded.

The Court recognizes the ALJ in the present action has fully and fairly developed the record. On remand, if additional evidence is presented, the ALJ may be required to develop the record further. *See Snead,* 360 F.3d at 838. This Court is remanding the present action solely due to the ALJ's failure to properly apply the *Polaski* analysis. The ALJ is reminded on remand that he is required to mention and to apply the *Polaski* factors.

**4. Conclusion:**

Accordingly, based on the foregoing, the decision of the ALJ, denying benefits to the Plaintiff, is not supported by substantial evidence, and should be reversed. This matter should be remanded to the Commissioner for further action consistent with this opinion.

**ENTERED** this **24th day of April, 2007.**

/s/  Barry A. Bryant
Honorable Barry A. Bryant
United States Magistrate Judge